# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DANNY CROSS,**

        **Plaintiff(s),**        **CASE NUMBER:  06-11825**
                               **HONORABLE VICTORIA A. ROBERTS**

**v.**

**CITY OF DETROIT, et al.,**

        **Defendant(s).**
_____/


## ORDER


This matter is before the Court on the Court's own Motion to Dismiss.  For the reasons stated below, the Motion to Dismiss is **GRANTED**.

Plaintiff Danny Cross originally brought this 42 U.S.C. §1983 action against the City of Detroit and ten unnamed "John Doe" police officers.  Plaintiff's eight-count complaint alleged that his Fourth Amendment rights were violated by these unidentified Detroit police officers on five separate occasions.  On March 26, 2008, this Court entered its Order granting Defendant's Motion for Summary Judgment on Counts VI through VIII, and *sua sponte* dismissing Counts I through IV with prejudice as barred by the applicable statute of limitations.  Plaintiff's only remaining claim is against the tenth "John Doe" defendant in Count V.  In Count V, Plaintiff alleges that the John Doe police officer committed various civil rights violations on or about May 2005.  Plaintiff did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations.  Therefore, the statute of limitations ran as to that

claim on or about May 2008. The Court finds Plaintiff's claim is barred by the statute of limitations and *sua sponte* dismisses Count V with prejudice.

Michigan's three year statute of limitations for personal injury claims . . . governs section 1983 actions when the cause of action arises in Michigan. *McCune v City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). However, the naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3rd Cir. 2003). In Michigan, substituting a named defendant for a previously unnamed, "John Doe**,**" defendant is considered to be a change in parties, rather than a substitution of parties, for purposes of Fed. R. Civ. P. 15(c). *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Thus, new parties may not be added after the statute of limitations has run and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B). Id.

Inasmuch as Plaintiff failed to name the John Doe defendant prior to the expiration of the statute of limitations, Plaintiff's claim is time-barred. Accordingly, Count V of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. This resolves the last pending claim and disposes of this action.

**IT IS ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge


Dated: 7/23/08